### PEOPLE v. REMINGTON et al.

(*Supreme Court, General Term, Fourth Department.* July 20, 1889.)

INSOLVENCY—PREFERRED CLAIMS FOR LABOR.

> Petitioners made articles of machinery for defendant, to be paid for at a fixed price for each article. Defendant furnished the material, power, tools, etc., and petitioners hired and paid the laborers who did most of the work, subject to general rules in force in defendant's factory. Petitioners themselves did but little work on the machinery. *Held,* that they were not "employés, operatives, or laborers," within the meaning of Laws N. Y. 1885, c. 376, giving a preference, in certain cases of insolvency, "for the payment of wages to employés, operatives, and laborers."

Appeal from special term.

Argued before MARTIN, MERWIN, and CHURCHILL, JJ.

*A. M. Mills,* for petitioners. *Thomas Richardson,* for receiver. *John W. Hogan,* for Attorney General.

MARTIN, J. The petitioners by this proceeding sought to obtain a determination of the court that their several claims against the defendant were preferred, and procure an order that they should be paid in full by the receivers of the defendant. This application was based on the claim that the petitioners were employés, operatives, and laborers of the defendant, and that the several sums due them were for wages, within the intent and meaning of chapter 376 of the Laws of 1885,—an act to provide for the payment of wages to employés, operatives, and laborers of domestic corporations, other than insurance and monied corporations, of which a receiver should be appointed. The special term held that the petitioners were not such employés, operatives, or laborers, and that the sums due them were not for wages within the meaning of such statute, and therefore that they were not entitled to the relief sought. The correctness of this decision is challenged by the petitioners, and presents the only question involved on this appeal. The evidence taken in this proceeding shows that the petitioners had entered into an arrangement with the defendant whereby it furnished them room, power, machinery, and stock, and they furnished the labor employed in the manufacture of parts of machines and implements manufactured by the defendant; that in each case the petitioners employed others to assist them in the performance of such labor, and in most cases the petitioners personally performed but a small portion of the labor for which their claim is made; that the men thus employed were hired, discharged, and paid by the petitioners, the rate of the wages or the price per piece that they were to be paid, the time of their service, the particular kind of labor at which they were to be employed, were all determined by and between each petitioner and his employés; that the petitioners, or the men in their employ, furnished emery, files, tools, and oil used by them; that the defendant was to pay the petitioners a fixed price for the parts of the machines or implements so made, the amount of which was credited to the petitioners on the defendant's books each month; that such credits included the whole work performed, as well that performed by the men thus employed as that performed by the petitioners themselves; that the petitioners received, as a compensation or profit, the difference between the sum paid by the defendant and that paid their men; that in some cases the petitioners paid their men by the day or hour, and in others by the piece; that sometimes the petitioners, and sometimes their men, worked for the defendant at irregular or unusual work by the day, and were given credit for such work with the credit

given them for the work done by the piece; that the defendant established certain general rules for the government of all persons engaged at work in its shop, whether in the employ of the defendant or in the employ of jobbers or contractors; and that the business of the defendant was managed by its officers and agents. Under these facts, we do not deem it necessary to examine the questions that were so fully and ably discussed by counsel on the argument, as the question involved cannot, we think, be regarded as an open question in this court. In the case of *People* v. *Remington*, 45 Hun, 329, 339, a similar question was involved. One of the claims presented in that case was the claim of John V. Schmidt, who entered into an agreement with the defendant by which the defendant agreed to furnish room, power, machines, and stock to Schmidt, who agreed to furnish the labor in manufacturing parts of machines and implements manufactured by such corporation. He employed, paid, and discharged the men engaged on this work, and furnished emery, files, oil, and tools used by the men in doing the work, the corporation agreeing to pay him a fixed price for the parts of the machines and implements made. There was due him, on account of such agreement, upwards of $500, which had accrued since the passage of the act of 1885, and remained unpaid. In that case this court held that Schmidt was not entitled to the preference provided for by the statute. We are unable to discover any such essential difference between the facts in the *Schmidt Case* and the facts disclosed by the evidence in this as would justify us in holding that the petitioners were entitled to the relief sought. We are of the opinion that the principle of the decision in *Schmidt's Case* is controlling in this, and that the order appealed from should be affirmed. Order affirmed, with costs. All concur.